HON. RONALD B. LEIGHTON

07-CV-05410-CNST

FILED ____ LODGED
____ RECEIVED

MAR -3 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COLUMBIA RIVERKEEPER, )
)   No. C07-5410RBL
Plaintiff, )
)   CONSENT DECREE
v. )
)
FAMILIAN INDUSTRIAL PLASTICS; )
FAMILIAN NORTHWEST, INC. d/b/a )
FAMILIAN INDUSTRIAL PLASTICS; )
FERGUSON ENTERPRISES, INC. d/b/a )
FAMILIAN INDUSTRIAL PLASTICS, )
)
Defendant. )
)

WHEREAS, Plaintiff Columbia Riverkeeper filed a Complaint against Defendant Familian Industrial Plastics; Familian Northwest, Inc. d/b/a Familian Industrial Plastics; Ferguson Enterprises, Inc. d/b/a Familian Industrial Plastics ("Ferguson") on August 7, 2007, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Washougal, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

CONSENT DECREE - 1
No. C07-5410RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the parties and subject matter of this action;

2.  The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3.  This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. C07-5410RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 740 South 28th Street, Washougal, Washington (the "facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from discharges of stormwater from the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

   a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3004479B and any successor, modified, or replacement permit (collectively, the "NPDES permit");

   b. Not later than January 1, 2008, Defendant shall have completed preparation of a new stormwater pollution prevention plan that fully satisfies all requirements of the NPDES Permit and shall forward a copy of such plan to Plaintiff without charge. Defendant will in good faith consider any comments on the plan that Plaintiff provides by January 30, 2008,

CONSENT DECREE - 3
No. C07-5410RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

and will provide Plaintiff with brief written responses to Plaintiff's comments within thirty days of receipt of such comments.

  c. Defendant's new stormwater pollution prevention plan shall contain a best management practice ("BMP") requiring it to sweep the exterior of its facility at least each time Defendant cuts plastic outdoors at its facility, and no less frequently than once every two weeks.

  d. Defendant shall prepare, as described by the NPDES permit, a level three response for zinc. The level three response shall be prepared and submitted to the Washington Department of Ecology no later than June 30, 2008.

  e. Defendant shall, for a period of three years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports, correspondence, and inspection reports. Copies of such communications occurring during a calendar quarter shall be forwarded to Plaintiff not later than the twentieth day following the end of the calendar quarter.

8. Not later than thirty days after the date of entry of this Decree, Defendant shall make a payment in the amount of $30,000 (THIRTY THOUSAND DOLLARS) to Friends of Living Oregon Waters for the 2008 Columbia River Water Quality Monitoring Project that is described in Attachment A to this Decree. Such payment shall be made by check payable and mailed to Friends of Living Oregon Waters, with a copy mailed simultaneously to Plaintiff.

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $8,000 (EIGHT

CONSENT DECREE - 4
No. C07-5410RBL

THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate three (3) years and sixty (60) days following the date it is entered by the Court.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

CONSENT DECREE - 5
No. C07-5410RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Columbia Riverkeeper, 917 SW Oak Street, Suite 414, Portland, OR 97205. Notifications required by this Decree to be made to Defendant shall be mailed to Ferguson Enterprises, 740 S. 28th Street, Washougal, WA 98671.

Dated and entered this 3rd day of March, 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 6
No. C07-5410RBL

1  COLUMBIA RIVERKEEPER

2  Signature: _Britt V_____

3

4  Title: _Staff Attorney_

5  Dated: _1/4/08_

6  FERGUSON ENTERPRISES, INC.

7

8  Signature: _____

9  Title: _Chief Financial Officer_

10 Dated: _12/18/07_

29 CONSENT DECREE - 7
   No. C07-5410RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

**EXHIBIT A**

## Friends of Living Oregon Waters (FLOW) 2008 Columbia River Water Quality Monitoring Project

The Friends of Living Oregon Waters (FLOW) 2008 toxics monitoring project will focus on the middle and lower Columbia River and will be aimed at helping fill important data gaps that have been identified as a part of the United States Environmental Protection Agency's (EPA) toxics reduction program for the Columbia River. EPA recently listed the Columbia River as one of the seven Great Water Bodies in EPA's 2006-2011 Strategic Plan. For over the last year a multi-agency and stakeholder group has been meeting as a part of EPA's toxics reduction project and working to identify priority gaps in background water quality data regarding toxics concentrations in the Columbia River and its fish and wildlife and information about existing sources of such toxics.

FLOW's monitoring project will focus on two important data gaps including: 1. using semi-permeable membrane devices (SPMDs) to gather background water quality data on organic toxic pollutants; and 2. gathering ambient water quality data on heavy metal toxic pollutants. Flow will utilize the data to identify and reduce the potential sources of the pollutants.

1. **Organic toxic pollutant monitoring:** The project will utilize SPMDs to collect background data on priority organic toxics concentrations at locations in the lower to middle Columbia River. SPMD replicate fish tissue that bioaccumulate toxic pollutants. Unlike ambient water quality monitoring, SPMDs can effectively assess the load of toxic pollutants accumulated in fish and other aquatic life. FLOW will deploy SPMD at the following locations along the Columbia River, Longview, Vancouver, Portland, Troutdale, Hood River and The Dalles. In addition to the SPMDs, the project will also collect ambient water samples.

2. **Heavy metal toxic pollutant monitoring.** EPA's toxics reduction project groups have identified a significant lack of existing data regarding toxic concentrations in the Columbia River. The project will collect samples in the lower to middle Columbia River. Targeted metals will include at least arsenic, mercury, zinc, copper, lead, chromium, cadmium, and nickel.

**Budget:**
   **Revenue:**
      Supplemental Environmental Project funding          $ 30,000
   **Expenses:**
      SPMD deployment, and collection (boat rental, technician

| | |
|---|---|
| time, related expenses) | $ 5,000 |
| SPMD purchase, analysis and testing | $ 13,000 |
| Project management, coordination with EPA and USGS staff, implementation, planning, reporting, administrative oversight, administrative costs | $ 9,000 |
| Development of quality assurance plan, project design review and oversight, monitoring consultant | $ 3,000 |

# Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883, Fax (206) 860-4187

January 8, 2008

Via CM-ECF
Docket Clerk for Judge Leighton
United States District Court for the Western District of Washington

Re:   Columbia Riverkeeper v. Familian Industrial Plastics, et al.; No. C07-5410RBL;
      45 Day Waiting Period for Entry of Consent Decree

Dear Docket Clerk:

This is submitted with the proposed Consent Decree and Joint Motion for Entry for the above-captioned case. Please note that, pursuant to the explicit direction of the Clean Water Act, the Court should not enter the Consent Decree until a 45-day Department of Justice and EPA review period has expired. Thus, the hearing is noted for February 29, 2008. Please do not have this Consent Decree entered before that time. Please call if you have any question about this. Thank you.

Very truly yours,

Smith & Lowney, p.l.l.c.


By:  s/ Bridget A. Baker-White
     Bridget A. Baker-White